| | |
|---|---|
| Humberto M. Guizar, Esq. (SBN 125769)<br>*hguizar@ghclegal.com*<br>Christian Contreras, Esq. (SBN 330269)<br>*cconterras@ghclegal.com*<br>**LAW OFFICES OF HUMBERTO GUIZAR, APC**<br>Justice X Building<br>3500 W. Beverly Blvd.<br>Montebello, CA 90640<br>Telephone: (323) 725-1151 | Austin R. Dove, Esq. (SBN 180321)<br>**DOVE LAW CORP.**<br>*dovelawcorp@gmail.com*<br>Justice X Building<br>3500 W. Beverly Blvd.<br>Montebello, CA 90640<br>Telephone: (213) 487-8300 |

[*Additional Counsel listed on following page*]

# UNITED STATED DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA OCHOA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, *et al.*,<br><br>Defendants. | **CASE NO: 2:20-cv-06963-AB (AGR)**<br><br>*The Hon. André Birotte Jr.*<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: August 20, 2020<br><br>Trial Date: Not Set Yet<br><br>***NOTE CHANGES MADE BY THE COURT*** |

1
**STIPULATED PROTECTIVE ORDER**

1 | Stephen A. King, Esq. (SBN 224683)
　　*sking@kingsjusticelaw.com*
2 | **KINGS JUSTICE LAW**
3 | Justice X Building
　　3500 W. Beverly Blvd.
4 | Montebello, CA 90640
5 | Telephone: (323) 546-4529

6 | V. James DeSimone, (SBN 119668)
　　*vjdesimone@gmail.com*
7 | **V. JAMES DESIMONE LAW**
　　13160 Mindanao Way, Suite 280
8 | Marina Del Rey, CA 90292
9 | Telephone: (310) 693.5561

10 | Paul Hoffman, Esq. (SBN 71244)
　　*hoffpaul@aol.com*
11 | Michael D. Seplow, Esq. (SBN 150183)
　　*mseplow@sshhzlaw.com*
12 | Aidan C. McGlaze, Esq. (SBN 277270)
　　*amcglaze@sshhzlaw.com*
13 | **SCHONBRUN SEPLOW HARRIS**
14 | **HOFFMAN & ZELDES LLP**
　　11543 W. Olympic Blvd.
15 | Los Angeles, California 90064
　　Telephone: (310) 396-0731
16 | Facsimile: (310) 399-7040

17 | *Attorneys for Plaintiffs*
18 |

19 | **MICHAEL N. FEUER**, City Attorney
20 | **KATHLEEN A. KENEALY**, Chief Deputy City Attorney (SBN 212289)
　　**SCOTT MARCUS**, Senior Assistant City Attorney (SBN 184980)
21 | **GABRIEL S. DERMER**, Assistant City Attorney (SBN 229424)
　　**JEFFREY L. GOSS**, Deputy City Attorney (SBN 178597)
22 | **JESSICA A. MARIANI**, Deputy City Attorney (SBN 280748)
23 | 200 North Main Street, City Hall East, 6th Floor
　　Los Angeles, California 90012
24 | Telephone: 213-978-7564 (JLG) / 213-978-6952 (JAM)
　　Email: jeffrey.goss@lacity.org / jessica.mariani@lacity.org
25

26 | *Attorneys for Defendant*
　　CITY OF LOS ANGELES

27
28

1
**STIPULATED PROTECTIVE ORDER**

**TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

**COME NOW** Plaintiffs Sara Ochoa, Branden Costa, Jajuan Johnson, Antonia May, Michael Perr, Kivon Williams, Gadseel Quinonez, and Jose Quinonez, individually and on behalf of a class of similarly situated individuals (hereinafter collectively "Plaintiffs"), and Defendant City of Los Angeles (hereinafter the "City" and, collectively with Plaintiffs, the "Parties"), on its own behalf and on behalf of no others, including, but not limited to, Defendants Braxton Shaw ("Shaw"), Michael Coblentz ("Coblentz"), and Nicholas Martinez ("Martinez") (collectively the "Individual Defendants") and hereby stipulate to the entry of a Protective Order to govern discovery in this matter.

**IT IS HEREBY STIPULATED THAT:**

1. The Parties jointly move the Court to enter this Stipulated Protective Order Governing Confidential and/or Proprietary Information ("Protective Order"). This Protective Order specifies the conditions under which private, sensitive, and/or legally confidential documents and information in possession of the Parties must be exchanged, used, and protected in this litigation, and authorizes the Parties to disclose that information in response to discovery requests. This Protective Order is justified by Rule 26(c) of the Federal Rules of Civil Procedure and relevant case law and is necessary in order for the parties to obtain relevant and essential discovery.

2. Good cause exists for the issuance of this Protective Order in that the Parties need to have reasonable access during the discovery process to information relevant to liability and damages in this lawsuit while providing the Parties with a means for limiting access to, and disclosure of, confidential, private, or proprietary information.

3. The purpose of this Protective Order is to create a mechanism to protect and safeguard the disclosure of information that is allegedly confidential,

private, or proprietary. This Protective Order is intended to regulate the handling and use of documents, information, and testimony throughout the discovery process and ~~up to and including the trial and~~ final disposition of the Litigation.

**1.　A.　PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**　　B.　GOOD CAUSE STATEMENT**

This action is likely to involve investigatory material, including, but not limited to, administrative and criminal matters, and other information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential materials and information consist of, among other things, information implicating privacy rights of third parties, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to

keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

The following definitions shall apply to this Protective Order:

A. "Litigation" and/or "Action" shall refer to CASE NO: 2:20-cv-06963-AB (AGR) pending in the United States District Court for the Central District of California and any appeals through final judgment.

B. "Party" shall mean any one of the Parties to this Litigation.

C. "Parties" collectively shall mean and include all of the parties to the Litigation.

D. "Producing Party" shall mean any Party to the Litigation, or any other person or entity producing Documents.

E. "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

F. "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

G. "CONFIDENTIAL" Information or Items shall mean information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

H. "Disclosure or Discovery Material" shall mean all items or

information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

I. "Documents." This Protective Order shall govern all documents produced and information supplied in any form (including but not limited to, documents produced and information produced by the Parties, disclosed through discovery, disclosed through testimony, or contained in briefs, or other documents filed with the Court) in this Litigation for purposes of discovery or otherwise (Documents). Documents as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. Documents also includes interrogatory answers, responses to requests for admission, and deposition transcripts and exhibits. Documents also includes any pleading, filing, motion, affidavit, declaration, or brief that quotes or summarizes a Document. Documents also includes documents or data made available for initial inspection but not chosen by the inspecting Party for copying.

J. "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

K. "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

L. "Protected Material" shall mean any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

M. "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

N. "Open Investigation" shall mean any disciplinary and/or administrative investigation actively ongoing regarding or with respect to the facts alleged in the Complaint, including, but not limited to Los Angeles Police Department Internal Affairs Group matters, Administrative proceedings, Disciplinary proceedings, or proceedings under the auspices of the Los Angeles Police Commission, including, but not limited to, its Office of the Inspector General and/or Office of Constitutional Policing and Policy, as well as any criminal matters initiated and ongoing by the Los Angeles County District Attorney.

## 3. SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Protective Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL legend." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Material Deemed "Confidential"</u>:

    A.     The Social Security number belonging to an individual;

    B.     The month and day of birth of an individual;

    C.     The home or mobile telephone number, personal e-mail address, or home address provided for an individual;

    D.     Any and all proprietary and/or confidential information relating to Open Investigations into the allegations contained in the Complaint;

E. Any other document or information not otherwise discoverable under the California Public Records Act, the federal Freedom of Information Act, or any other state or federal law, that a party in good faith designates as Confidential, subject to challenge or objection by any other party.

Information that is required to be made available for public inspection and copying pursuant to California laws shall not be considered Confidential.

Confidential Documents, including information ordinarily exempted from public disclosure pursuant to applicable California or federal confidentiality statutes, including but not limited to Privacy Act of 1974 as amended, 5 U.S.C. § 552a, et seq., may be produced within the context of this Litigation and as described in this Order, notwithstanding any other provision of law to the contrary. The Court specifically finds that said Confidential Documents are potentially relevant to the claims and defenses in this Litigation and therefore necessary to be disclosed among the Parties, and that the terms of this Protective Order provide adequate safeguards with respect to the use of such information.

The information and documents identified in paragraph 5.3 of this Protective Order are automatically deemed to be Confidential, even if the Documents are not physically marked as such. Nothing herein shall prevent any party from challenging the Confidential designation of matters deemed confidential under this sub paragraph.

5.4 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

designation of confidentiality at any time that is consistent with the Court's scheduling order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well

10
**STIPULATED PROTECTIVE ORDER**

as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation

that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

    (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. NON-PARTIES' PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

    (a)    The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

12
**STIPULATED PROTECTIVE ORDER**

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2) promptly provide the Non-Party with a copy of the Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party, if requested.

    (c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.**     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court

## 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60

days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**14. FILING OF CONFIDENTIAL DOCUMENTS**

Any Party wishing to submit a filing to the Court, including a motion, brief, exhibit, affidavit, or declaration, that includes a designated Confidential Document or otherwise discusses the contents of a designated Confidential Document, shall <u>follow the procedures in Local Rule 79-5</u>. ~~redact such Confidential information, where feasible. In such case, the filing party shall retain the unredacted copies of such documents and (i) serve an unredacted copy of the filing on the opposing Party, and (ii) make an unredacted copy available to the Court upon request. Where redaction of Confidential information is unfeasible or impractical, the filing party shall make such filing under seal pursuant to the Local Rules of the Central District of California.~~

**15. USE OF CONFIDENTIAL DOCUMENTS AT TRIAL**

<u>As stated above in Paragraph 3, any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Protective Order does not govern the use of Protected Material at trial.</u>  ~~This Protective Order shall govern all pretrial proceedings, but shall be subject to modification either before, during, or after the trial upon the merits, upon consent of the Parties, or upon application and showing of good cause by any of the Parties. Any confidential record that is admitted into evidence shall not lose its confidential designation under this agreement unless expressly ordered by the Court.~~

**16. AMENDMENTS**

This Protective Order is subject to modification by stipulation~~, written agreement, or by~~ <u>and</u> further order of the Court.

**17. NO WAIVER**

Nothing contained in this Protective Order shall be construed to be a waiver of any of the Parties of any rights to refuse to disclose information protected by any privilege or other objection. The foregoing is without prejudice to any of the Parties to apply to the Court for an order compelling production of documents or information withheld on the ground of an asserted privilege or objection.

**18. VIOLATIONS**

Any violation of this Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED**.

Dated:  April 29, 2021        **THE JUSTICE X LAW GROUP**

By: <u>*/s/ Humberto Guizar*</u>
     HUMBERTO GUIZAR

|   |   |   |
|---|---|---|
| 1 | | AUSTIN R. DOVE |
| 2 | | STEPHEN A. KING |
| | | CHRISTIAN CONTRERAS |
| 3 | | *Attorneys for Plaintiffs* |
| 4 | Dated: April 29, 2021 | **V. JAMES DESIMONE LAW** |

By: */s/ V. James DeSimone*
V. James DeSimone,
*Attorneys for Plaintiffs*

Dated: April 29, 2021   **SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**

By: */s/ Michael D. Seplow*
Michael D. Seplow,
Paul Hoffman, Esq.
*Attorneys for Plaintiffs*

Dated: April 27, 2021   MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Dep. City Atty.
SCOTT MARCUS, Senior Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney
JEFFREY L. GOSS, Deputy City Attorney
JESSICA A. MARIANI, Deputy City Attorney

By:   */s/ Jeffrey L. Goss*
JEFFREY L. GOSS, Deputy City Attorney
*Attorneys for Defendant*
CITY OF LOS ANGELES

**HAVING CONSIDERED THE STIPULATION OF THE PARTIES, AND GOOD CAUSE APPEARING, IT IS SO ORDERED:**

DATE: May 13, 2021

*Alicia G. Rosenberg*
_____
The Hon. Alicia G. Rosenberg
Magistrate Judge

---

17
**STIPULATED PROTECTIVE ORDER**

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Sara Ochoa, et al. v. City of Los Angeles, et al.*, Case No. 2:20-cv-06963-AB (AGR). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____